Appeals. We have four cases on this morning's docket. We'll hear the first three cases without a break and then reconvene at 11 o'clock for the fourth case. We begin with United States May it please the court. My name is Amanda Sahls and I'm court appointed counsel for defendant appellant Mr. Sherman Moore. The only issue presented in this appeal is what Congress meant when it used the term sexual exploitation of children in section 2251. Congress answered that question in 1978 when it created the first two federal sexual exploitation offenses, both of which involve the production of child pornography. Through its various amendments to section 2251, including the addition of offenses for the advertisement and transportation of sexually explicit material involving children, Congress has consistently confirmed that it understands the term to refer to child pornography. The government argues the term is much broader, broad enough to encompass a state offense for indecent exposure. What have the other circuits done about this? So the Ninth Circuit has taken the approach that Mr. Moore advocates. It has concluded that sexual exploitation of children is synonymous with child pornography crimes. So a crime relating to the sexual exploitation of children is a crime relating to child pornography. The other four circuits have taken a different approach, concluding that the term is much broader, but the four circuits have differing approaches. Before you just slow down a little bit, the reply brief was written, if I'm not mistaken, when the Ninth Circuit was the most recent. So you haven't had a chance to speak to the First Circuit or Sykes? Are those the two that came down afterwards? Correct, Your Honor. So it would be the Sixth Circuit's opinion in Sykes, and then the First Circuit's opinion in Winchuck. And that's correct. Those came out after the reply brief. So I would appreciate the chance to address those two cases. The first of those opinions was the Sixth Circuit's opinion in Sykes, and that court essentially followed the Fourth Circuit in Mills and committed the same error there that the government commits here in looking to the 2019 version of Black's Law to define what a term that was enacted in 1978 meant. And so it's unclear why the Sykes court approached the issue and looked at the 2019 version other than that the Fourth Circuit had done so before. But sort of any plain, you ask anyone on the street, they would think, disagree with me, you know, sexual exploitation of the children would include, say, rape of a child. It's just not logical to think it's just child pornography. Any dictionary, any plain meaning, or would you push back on that? Respectfully, Your Honor, I would push back on that. Particularly at the time that the statute was enacted, sexual exploitation didn't have a dictionary definition, but it was widely referred to exclusively as child pornography. And that has been consistent throughout. Although modern dictionaries do have broader versions of that term, it is not the case that it typically includes as broad a swath of offenses as the government. You'd agree with me if you just asked somebody, does sexual exploitation of a child include child rape? Almost everyone would say yes. And if you said, does it only include child pornography, that would be an odd reading. No. Um, I don't know that I would grant that, Your Honor. I can see, I can see your point, certainly. But I believe that, particularly in the statute, it is a statutorily defined term, and Congress actually uses the term very differently across different sections of the U.S. Code. I don't know that there is one plain meaning of this term. I think that it's possible that someone on the street would say that it's broader, but I think it's also conceivable they would not. Just procedurally step back. Your client pled? Yes, my client pled. Then there was an appeal waiver, but then this issue was accepted from it, correct? Correct, Your Honor. Just this issue, or also the sentencing argument that Texas indecency categorically doesn't fit, or is that issue off the table? We're just looking at the circuit split as to the meaning of sexual exploitation of children. Well, the appeal waiver is exclusively about the, um, it's about the enhancements application. So I think that the offense, the elements of the state offense would have to be within that appeal waiver, especially because Judge O'Connor didn't actually address the issue or didn't discuss with the elements of indecency. Is that a prominent part of your argument, or you're just saying agree with the Ninth Circuit? Well, if you agree with the Ninth Circuit, it is clear that if the offenses relating to child pornography, then it's clear that indecent exposure would not be a crime relating to child pornography, and the government does not make that argument. So if you do take the Ninth Circuit's approach, which I would urge you to do, then you don't actually need to address the elements of the state offense because they do not include an element of child pornography. Elsewhere in the federal criminal code, Congress has linked the term exploitation with child pornography. Correct, Your Honor. What interpretive weight should we give that here? So here, I think that what that shows is that Congress has used the term differently in different sections. That means that in this section, you need to look at this section. Essentially, by using the title, it's, Congress has given these federal offenses a label. Each of the federal offenses are related to child pornography, so you have production, transportation, and advertisement, and that's what Congress meant in this specific provision of the U.S. Code. You don't need to look at other different provisions except for to say that there are clearly multiple different meanings. So turning to the First Circuit's opinion, if you don't mind, Your Honor, I would turn to United States v. Winchuck, which was the most recent opinion, and I would say the most fulsome analysis. However, that court also committed four additional errors, adding to the errors that the previous circuits have made. So that court focused on dictionaries from 1996, but at that time, there was no dictionary that defined the term sexual exploitation. That term was not defined in any dictionary until 2004, when Black's Law defined it. So it was looking instead to meanings of exploitation. But there is no indication that Congress was using those definitions, again, because there was no definition of sexual exploitation. The second error that the First Circuit made was its application of the Noster Associates Canon of Construction. Here, Noster Associates does not apply because you have two separate clauses within the 35-year minimum. The first is a set of federal offenses, which were added at various different times, and then you have these state crimes relating to the sexual exploitation of children. So that's a separate clause, and respectfully, Noster Associates does not apply here. The third issue is the First Circuit's presumption that Congress followed earlier judicial interpretations, and there are two problems with that approach. The first is that the case that it quoted, Ryan, referred to Supreme Court precedent, and there is no Supreme Court precedent on the meaning of sexual exploitation in Section 2251. The other issue is that the circuit, in claiming that Congress must have been looking to earlier circuit precedent in 1996, quoted two 2004 opinions. So it's impossible that Congress could have been considering the circuit's applications when those circuits did not apply the term until eight years later. And finally, it made a fourth issue of concluding that the title is irrelevant because it would limit the text. Here, there's no such limitation. The federal title that gives meaning to those federal offenses clarifies that the sexual exploitation offenses are all crimes relating to child pornography. If we're not persuaded by the Ninth Circuit that the predicates have to be child pornography ones, would you lose under every other circuit's definition? No, Your Honor. Respectfully, I believe that the crime here, the indecent exposure crime, is actually very different than any crime that any other circuit has addressed. And that's related to the harm element, but more broadly... So which circuit would you say this 2211 type conviction wouldn't count? Because in your brief, you pretty much put all the weight on the Ninth Circuit and it being a child pornography. But I'm essentially asking you, if we're not persuaded by that, how would you define sexual exploitation of children? Which circuit would you look to where your client's predicates still wouldn't count? Do you understand my question? I do, Your Honor. I think that if you take a broad meaning that I believe would be similar to the enumerated offenses in the 25-year minimum, so adding sexual abuse, really any sexual crime that is exploiting the minor... Physically harming? Physically harming. What circuit has limited it to that? Because I agree with you, the other circuits aren't all converging on one definition. But in your brief, understandably, you said, I agree with the Ninth. The question is, if we're not persuaded by that, do you win under any other court's definition of sexual exploitation of children? I believe that I would win under every other circuit's definition. Even the First Circuit? I believe even the First Circuit, but I would need to readdress that definition from the First Circuit, and I'm happy to do so in rebuttal. But yes, I believe that... Wouldn't that have been, I mean, you argue it the way you want, but your brief didn't say, I win under according to all circuit law. Well, it did say that if we take the government's approach, I guess that's what I've been responding to, not the other circuits, but the government's definition, then Mr. Moore would still win because his indecency by exposure crimes are not abusive to children. They can certainly be abusive to children, but when you look at the least of the crime criminalized... This is a categorical question, but... Exactly. But I think in district court, at the sentencing, the court said, what about Hubbard? Certainly. Well, in Hubbard, the difference there... The statutory language just requires it to relate to sexual exploitation, and I think that was what our court focused on to say, even if someone is being indecent and the child doesn't even know, that would still count. It relates to... That is correct. If relating to was able to broaden the term that far, I don't believe that relating to will broaden the term beyond offenses that harm children to offenses that do not harm children. And I think that's the distinction here, because the least of the crime, the conduct criminalized under Texas's Penal Code 2111 does not necessarily harm children. Because, as you just pointed out, if he was separate from the child, say in his car, as in Yanes, then that would not be harmful to the child because the child wouldn't actually be aware of the exposure. In that case, it's the defendant who's exposing himself. He's not exposing the child, as in every other crime that would be abuse of a child would be focused on the child, not the defendant. I thought the first circuit formulation of the term was criminal conduct involving children. Is that right? That's the phrase that I remember from any criminal conduct, any criminal conduct involving children. I think that was the formulation the first circuit used. That's pretty broad. That is very broad. I think any criminal conduct involving children, that would suggest that there does not even need to be an element of sex. And that, to me, is inconceivable. I could be misremembering, but I thought it was fairly clear. I'm not sure. I think I'm happy to address that in rebuttal once I have a chance to look at the first circuit's definition. However, I think it's inconceivable to think that a crime that is not sexual would be a sexual exploitation crime. But yes, I'm happy to return to that. Your position is you alternatively, you say these wouldn't count as predicates for the 35-year mandatory minimum under any existing circuit law. You're going to look at the first circuit a little more carefully. Correct. That's your position. My position is certainly that under the government's argument that indecency with the child is not a sexual exploitation crime. I would need to look at the first circuit and all of the other circuits differing interpretations a bit more closely to say that in any case that would be true. But at least under the government's argument, which has been consistent in this case, Mr. Moore wins regardless of which interpretation you adopt. So I'd also like to briefly address the statutory history and the fact that Congress has maintained this meaning for decades. So since 1978, Congress has amended the statute several times. However, it's never given any indication that it intends to change the meaning. And in 1978, it's pretty clear in the statute that all of the crimes that are criminalized as sexual exploitation are child pornography crimes. So there would need to be some point in which Congress changed that meaning. And there's no indication of that here. In 2006, when Congress amended the 25-year minimum, the statute included four child pornography offenses. And the Third Circuit commented that it's, quote, hard to fathom why Congress would broaden the 25-year minimum yet keep the 35-year minimum the same. And while it's not our job to second-guess Congress's policy decisions, I actually think it is conceivable that Congress would broaden the offenses under the 25-year minimum. It's essentially saying that whereas the 35-year minimum is exclusive to repeat child pornographers, there is an enhancement, a 25-year minimum, for those who commit broader sexual crimes. I think I refreshed my recollection. The First Circuit formulation, they say the term unambiguously refers to any criminal sexual conduct involving children, any criminal sexual conduct involving children. We conclude that the plain text of sexual exploitation of children unambiguously refers to any criminal sexual conduct involving children. I do think that that is a much more difficult standard. However, I don't see where that definition comes from. It doesn't seem to be relevant dictionary. It doesn't seem to be tied to any statutory provision. So the First Circuit making up a new definition, I don't—that's certainly not the definition that I would use or even that the government has advocated using. So— Your initial time has expired, Ms. Alston. You've saved time for rebuttal. Thank you. All right. For the government, I'm going to let you pronounce your name because otherwise I'm sure that I'll mess you up. Thank you. May it please the Court. Elyse Aldedgeifer on behalf of the United States. This Court should affirm Mr. Moore's 35-year sentence because his two prior Texas convictions for indecency with a child are unequivocally offenses relating to the sexual exploitation of children. The phrase sexual exploitation of children is not defined in 28251 or the indication to the contrary that Congress intended the words in its statutes to carry their generic or ordinary meaning. So the question here becomes whether there is sufficient indication or what this Court has referred to as a definitive clue that Congress intended something other than the ordinary meaning here. There is not. The plain language of the text, the context and structure of 2251 and the statutory history for this exact provision make clear that Congress intended to define the phrase sexual exploitation of children broadly within the sentencing provision. The challenge, I mean one challenge, is defined broadly. In other words, how comprehensive is it? So to give you a specific question, all the other circuits that have not followed the Ninth Circuit limited this to child pornography, they don't seem to say the same definition. They don't interpret it similarly. So first question is what's the government's definition and what's your limiting principle? So the government would agree with the First Circuit's definition, but I do think that all, Mr. Moore referred to four circuits. We have five circuits, I believe, that interpret the phrase definition. What the exact definition? I'm very reluctant, even if you're persuasive, to say well it's broad and that's all the advice we give to district courts that have to impose mandatory minimum 35 years. So here, let me try to ask the same question in a different way. Has any other circuit that has taken a broad view actually set a predicate for just indecency counts? Yes, the Third Circuit, that was as early as 2004. That was before the 2006 amendments and what the court dealt with there was a Georgia molestation statute and that statute was very, very similar to what we have here. It was, and the court held there, that it was not a term of art relating exclusively to crimes involving the production of child pornography. That statute, like the Texas statute, did not require anything other than the presence of a child. It didn't require an element of harm there. That wasn't exactly the analysis, but it was a very analogous statute to what we have here in 2111. 2111 is indecency though, you're saying that's a molestation? So it was molestation, the exact language of that statute was any immoral or indecent act to or in the presence of a child under 14 with the intent to arouse sexual desire. And if you take that statute, it was very similar to what we have here, which is the intent to arouse or gratify someone's sexual desire in the presence of a child. So in the Third Circuit analyzed that as early as 2004. Final follow-up on that though, under Texas law, can you be convicted of this offense when the child is unaware of your self-gratification? You may be near them, but they don't even know it. Yes, you can. And that was true also in Randolph, or we don't know for sure? We don't know that for sure, but looking at just the elements of that offense, it does look similar. But this court has not held that an element of harm is required for sexual abuse, which sexual abuse is not the question here, it's sexual exploitation. But this court in multiple cases... It's hard to think of a child being exploited if they don't even know the adult is there. Well, if abusive contact doesn't require that the victim has to be harmed... I know, but even know? That's correct, because it's the sexual gratification or the use and taking advantage of a child, which is the definition of exploitation. The First Circuit here looked at the meaning of exploitation, and that definition really has not changed since this was enacted. So you have to look at the definition of sexual separately, the definition of exploitation separately, the definition of children separately, if you don't have a clear definition of that whole phrase. And the term exploitation has not changed. As early as 1990, Black's Law Dictionary defined exploitation in relevant part as taking unjust advantage of another for one's own advantage or benefit. And if you tie that with the sexual aspect and then involving a child, you have exactly what happened here, which is gratifying or arousing one's sexual desires in the presence of a child, which involves taking undue and unfair advantage of a child. That would qualify under a broad reading of the term exploitation. And I want to talk about three reasons I think the Ninth Circuit's opinion was flawed. First and foremost, the Court there placed undue reliance on the heading of the statute. It also essentially ignores the whole list of federal predicate offenses in 2251E. And third, it ignores other congressional uses of the term sexual exploitation of children, which shed light on Congress's intent in this statute. Turning to that first point, the Court there placed significant, if not the most, reliance on the heading of the statute. It went so far there as to say the statute heading provided an independently sufficient basis for its conclusion. But the title is not the same as a formal definition section. And the Supreme Court makes clear that the statute's title can shed light on an ambiguous word, but it can't undercut the plain meaning. And it certainly shouldn't be the only thing we look to here to determine that Congress intended something other than the plain meaning. It is true that 2251 has sort of a laundry list of various prohibitions on conduct. There are several different things that are prohibited, but the element of a visual depiction of a minor engaged in sexually explicit conduct is common to all of those prohibitions of conduct in 2251. So isn't it reasonable to read the statute, you know, cohesively, contextually, to say that visual depictions of minors engaged in this conduct is what Congress had in mind when it enacted a statute titled sexual exploitation of children. Visual depiction is, I just did a search for the word depiction in the statute, and it appears a lot. Certainly one form of exploitation. And when it entitled that, it did specifically have a reference to visual depictions within that statute. But that's not the only place that Congress has used the term exploitation. And it didn't have the phrase sexual exploitation of children in the sentencing provision at the time it enacted those. That was added later. That was added in 1996. At that point, it had predicate offenses for this chapter and Chapter 109A, and then it added or relating to the sexual exploitation of children. And then since then, it has added multiple other predicates. So if we're looking at the context of the statute, we can't ignore that entire list of predicate offenses, which is extremely broad. It refers to sexual abuse, generally. It refers to sex trafficking. There's multiple federal predicate offenses there that shed light on Congress's intent here to define it broadly for purposes of sentencing predicate offenses. What about their illogic point? Would Congress ever have wanted less to mean more prison time? In other words, here, two indecencies get a mandatory 35. But if I'm not mistaken, you get a mandatory 25 only if you've committed one child rape. You see what I mean? This defendant's going to get 10 years more mandatory minimum for what most people would agree would be a less offensive predicate. Well, Congress could have limited it more specifically to offense including rape of a child or something more particular, but it didn't do so here. It left it a generic offense, and that offense has been interpreted broadly. There's other instances of... The answer is more generic, arguably less offensive conduct gets more prison time. That's just a decision Congress made? It's hard to determine exactly the offenses that they foresaw including in that, but they did include a broad offense there. It's broader to get 35, the government's position. It is broader to get... Well, the sexual exploitation of children language was originally for both a single offense and a second. When they amended the single predicate offense, they broadened the scope of that to include things such as sexual abuse of an adult as well or aggravated sexual abuse, but they didn't change that broad meaning for the multiple conviction portion of it. There's no reason for us to believe that Congress intended to change that meaning, which was already understood and judicially interpreted broadly. What and when were this defendant, Mr. Moore's qualifying predicates? I believe... I don't have that in front of me, but I believe it was 1997 and 1999. It was an original indecency, and then he violates that same one, gets the second, is that right? Correct. And the appeal waiver doesn't allow appeal of the sentencing judge, the recusal issue that the sentencing judge, by coincidence, was the prosecutor. Yes, it wasn't an issue on appeal. That's correct. And so, turning back to the reasons the Ninth Circuit interpretation was wrong, I want to talk a little bit about the statutory history here. So, as we mentioned, in 2006, the statute was amended, and the single predicate offense was 35 minimum language unchanged. Congress is presumed to have knowledge of prior judicial constructions of that statute, and there were two opinions already at that point, one from the Third Circuit, which we've talked about, one from the Eighth Circuit. And yet, in 2006, Congress did not change the multiple predicate offense section of this. And other references to exploitation in the Adam Walsh Act in 2006 and other later acts amending 2251 provide additional clues as to what Congress intended here. One of those I want to highlight is Section 704 from the Adam Walsh Act, which added additional funding to prosecute offenses relating to sexual exploitation of children, which Congress specifically defined broadly to include all offenses in Chapter 109B, 110, which is the section, which is where 2251 is, but also includes other production and dissemination of child pornography. It also included offenses involving minor victims in Chapter 71, which includes obscenity in Chapter 109A, Chapter 117. So that provides clear indication Congress knew that the term sexual exploitation was broad. And then, similarly, in Section 701 of the Adam Walsh Act, Congress created a new crime in Section 2252A, G, which prohibited engaging in child exploitation enterprises, which it defined as a series of offenses with numerous predicates being non-child pornography-related offenses. Again, similar, those in 109A, 117, 110. And the First Circuit in Winsett pointed out that the Protect Our Children Act of 2008, which also altered the substantive provisions of 2251, and that contained a section defining child exploitation, again, broadly, to include actually any criminal sexual activity involving a minor. And that's a clear indication of Congress's intent to define this term broadly. Of the five circuits that have interpreted the phrase more broadly, which circuit does the government believe hits closest to the bullseye? I think the First Circuit provides the most clear analysis for its reason, and it, like, I believe two other circuits, does use that broad phrase of any criminal sexual conduct involving a child. I think that provides the best analysis for this Court to follow that also comports with this Court's typical plain meaning approach that it's employed in other cases to determine the generic meaning of a phrase. So I think that provides the most clear analysis and the most clear definition that comports with legal dictionaries at the time that this was enacted in 1996 when the provision was added to the sentencing provision. And that definition also comports with clear meanings today, contemporary. Unless this Court has further questions, I will cede the rest of my time. Thank you, Ms. Arzendaifer. Thank you. Ms. Saltz, save some time for rebuttal. Thank you, Your Honor. I just have a few brief points. First, I wanted to touch on Judge It's certainly the case that the term that Congress used to define the offenses within this statute would be a reasonable use. And because its use is reasonable, the rule of lenity would apply if there's any ambiguity here. Clearly, the circuits are not in alignment in terms of what they would define the statute to encompass. And Congress's use of the term to define a narrow set of offenses with a supposedly broad term doesn't actually make any sense. Yet, that's exactly what the government says it did. The government's position is also inconceivable given the purpose of the atom. Because this is a very different argument. You may have made it. So you're saying that the rule of lenity applies to guideline language, and here the language is grievously ambiguous, hence triggering lenity? No. I'm saying that if you were to consider adopting any other circuit's approach or the government's approach, there's no way to square that with the text. And so at that point, the only conclusion would be that the text was ambiguous. In that case, the rule of lenity would apply and the defendant-friendly interpretation would govern, meaning that the sexual exploitation of children did not encompass a crime relating to the sexual exploitation of children. Should remember better, this argument is in your brief, so it's not just coming up in a rebuttal argument? The rule of lenity argument, yes, Your Honor. Also briefly, the government's argument is inconsistent with the purpose of the Adam Walsh Act, which was to increase sentences and guidelines for actually various, a broad group of sexual deviants, including child pornographers. Yet, the government argues that Congress actually narrowed the 25-year minimum, that somehow the term used in the 35-year minimum encompasses all of the offenses in the 25-year minimum and then some. It doesn't make any sense that the government would narrow the 25-year minimum, and it's also incorrect that the 35-year minimum's sexual exploitation encompasses, sexual exploitation of children encompasses all of the offenses in the 25-year minimum, because two of those, sexual abuse and aggravated sexual abuse, don't actually even have to involve a minor. Returning to the title point, so the government discounts Shopp's analysis, which relied on Esquivel-Quintana. In that case, Justice Thomas' unanimous opinion looked to 18 USC section 2243, which it said provided, quote, the only definition of that phrase in the substantive offenses. And although the Supreme Court did not choose to import that definition wholesale into the INA, that made sense because Title VIII and Title XVIII are entirely different sections of the U.S. Code. Here, however, we have Congress using the same term in the same section of the U.S. Code. That meaning is also consistent with the contemporary meaning in 1978. Around that time, both courts and legislatures were using the term sexual exploitation to refer to crimes limited to child pornography offenses. In New York, the state statutes that it cites, the Supreme Court and the states were all referring to sexual exploitation, which is exactly what Congress was responding to when it enacted section 2251. With just a minute left, I see that the government in its brief did cite Randolph, the Third Circuit case, and then your opposing counsel brought it up again saying that's the one where essentially indecency was considered a qualifying predicate. In the briefs, you haven't responded to Randolph. Are you familiar with Randolph? I am, and I would like to briefly respond that in Randolph, the Third Circuit wasn't actually looking to any elements of the state offense that were defined by, I can't recall what state that was, but by the state court. Here we have the Texas Court of Appeals in Austin that has already laid out five elements, none of which include harm to a child. So to your point, there is no need that the child be exposed to or see the indecency of the defendant. That's not the intention of the case. But I am concerned that if there were a crime element, it would not be a crime element. And I see that my time has expired, so unless the Court has any other questions. Yes, thank you, Ms. Zaltz. Thank you, Your Honor. Case under submission, and we noticed that your court appointed, we wish to thank you and your firm for your willingness to take the assignment and we appreciate your good work on behalf of your client. Thank you. All right, next case for today, Baker v. City of